Filed 7/15/26  P. v. Bradford CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTNEALIOUS CORTEZ BRADFORD,<br><br>    Defendant and Appellant. | C103642<br><br>(Super. Ct. No. 96F00581) |

Defendant Artnealious Cortez Bradford appeals the judgment entered following resentencing under Penal Code section 1172.75.[1]  Defendant argues that the trial court abused its discretion in denying his motion to dismiss prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  Defendant further argues that his restitution fine must be vacated under section 1465.9, subdivision (d).  We affirm the trial court's denial of defendant's *Romero* motion.  Because the trial court did not orally pronounce sentence on defendant's conviction, impose the mandatory parole revocation fine, or calculate credits for time served, we remand the matter for full resentencing.  On remand, the trial court is directed to orally impose judgment; determine what the amount

---

[1]    Undesignated statutory references are to the Penal Code.

1

of the restitution fine would have been so it can impose, then stay, the parole revocation fine in a proper amount pursuant to *People v. Kopp* (2025) 19 Cal.5th 1, 23-24 (*Kopp*); and calculate defendant's actual custody credits.

## BACKGROUND

In 1997, a jury found defendant guilty of possessing cocaine in violation of Health and Safety Code section 11350, subdivision (a). At his sentencing hearing, defendant admitted three prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and two other prior convictions for which he served time in prison (*id*., § 667.5, subd. (b)). After declining to strike any of the defendant's prior strike convictions, the trial court sentenced him to 25 years to life plus two years. The trial court also ordered defendant to pay a restitution fine of $10,000 and imposed and stayed a parole revocation fine of $10,000.

In 2024, pursuant to legislation invalidating sentence enhancements imposed under section 667.5, subdivision (b) with exceptions not relevant here (former § 1171.1 [Stats. 2021, ch. 728, § 3], now renumbered § 1172.75), the trial court recalled defendant's sentence and scheduled his case for resentencing.

At defendant's resentencing hearing in 2025, the court struck the section 667.5, subdivision (b) enhancements as no longer legally valid under section 1172.75 but denied defendant's *Romero* motion. Although the court did not orally impose any sentence upon the defendant, both the minute order and the abstract of judgment indicated that the court reimposed defendant's original 25-year-to-life sentence (minus the stricken enhancements), with credit for time served, and also reimposed the $10,000 restitution fine and $10,000 parole revocation fine.

Defendant timely appealed.

## DISCUSSION

### I.   *Romero Motion*

Defendant argues that the trial court's refusal to dismiss his prior strike convictions was an abuse of discretion unsupported by substantial evidence under section 1172.75, subdivision (d)(1).  Specifically, defendant argues that the trial court abused its discretion when it declined to dismiss his prior strike convictions because it did not have substantial evidence to "find by clear and convincing evidence that imposing a lesser sentence would endanger public safety," as defendant asserts was required by section 1172.75, subdivision (d)(1).  We are not convinced.

Defendant's argument fails because it is based on a misreading of section 1172.75, subdivision (d)(1).  That provision requires that " '[r]esentencing pursuant to this section [1172.75] shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  This language "creates a presumption that the resentencing 'shall result in a lesser sentence than the one originally imposed.' " (*People v. Rogers* (2025) 108 Cal.App.5th 340, 360.) It does not, as defendant contends, entitle him to a further reduction in sentence after his invalid enhancements have been dismissed.  To reach defendant's interpretation of section 1172.75, subdivision (d)(1), we would need to read additional language into the statute.  As that would violate the " 'cardinal rule of statutory construction that courts must not add provisions to statutes' " , we decline to do so.  (*People v. Guzman* (2005) 35 Cal.4th 577, 587.)

Here, the trial court did as section 1172.75, subdivision (d)(1) required. Defendant's original sentence was 25 years to life plus two prior prison term enhancements.  At defendant's resentencing hearing under section 1172.75, the court dismissed the two invalid prior prison term enhancements.  Dismissing the invalid prison priors, but declining to dismiss prior strike convictions, "result[s] in a lesser sentence

3

than the one originally imposed," consistent with section 1172.75, subdivision (d)(1).  As that section only requires a court to make an "endanger public safety" finding when resentencing does *not* result in a lesser sentence, it did not require anything further of the trial court in this instance.

Consequently, we conclude that the trial court did not abuse its discretion in refusing to dismiss any of defendant's prior strike convictions.

## II.    *Failure to Orally Pronounce Judgment*

Defendant also argues that his $10,000 restitution fine should be stricken under section 1465.9 and removed from the abstract of judgment.  The People agree.  However, our review of the record reveals the court did not orally pronounce judgment.  Accordingly, we must remand the matter for a full resentencing.

"The failure to pronounce sentence on a count is an unauthorized sentence and subject to correction on remand" (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411 fn. 6), as is the failure to impose a parole revocation fine required by section 1202.45 (*People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255).  Because an unauthorized sentence is " 'a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal' " (*People v. Anderson* (2010) 50 Cal.4th 19, 26), we raise the issue even though neither party has addressed it.

Here, the trial court failed to orally impose *any* sentence upon the defendant.  Because the trial court's recall of defendant's sentence pursuant to section 1172.75, subdivision (c) vacated that sentence, the trial court was required to conduct a full resentencing.  (*People v. Rogers*, *supra,* 108 Cal.App.5th at pp. 360-361.)  While the court struck defendant's now-invalid section 667.5, subdivision (b) enhancements and ruled on his *Romero* motion, it did not orally pronounce judgment on defendant for his conviction for possessing cocaine.  Nor did it orally reimpose the restitution fine or parole revocation fine or calculate actual custody credits.  Because the trial court's failure

4

to orally pronounce judgment resulted in an unauthorized sentence, we remand for a full resentencing.

We briefly address defendant's claim of error and additional errors to provide some additional guidance on remand.

As both defendant and the People point out, section 1465.9 bars reimposition of the restitution fine upon defendant. That fine was originally imposed more than 10 years ago at defendant's sentencing in 1997. In 2024, the Legislature enacted section 1465.9, subdivision (d), which imposed a 10-year limit on the enforcement and collection of that fine. (Stats. 2024, ch. 805, § 1; *People v. Bertsch and Hronis* (2026) 19 Cal.5th 183, 332.)

Because the restitution fine was originally imposed on defendant more than 10 years ago, the fine is uncollectable and unenforceable by operation of law. (See *People v. Salstrom* (2025) 117 Cal.App.5th 596, 600-601 [resentencing does not restart § 1465.9's 10-year clock], review granted Mar. 11, 2026, S295038.) Consequently, it may not legally be reimposed upon defendant.

Defendant's term of imprisonment, parole revocation fine, and custody credits are another matter, however. "A trial court has a duty in both felony and misdemeanor cases to pronounce sentence on every conviction." (*People v. Codinha* (2023) 92 Cal.App.5th 976, 994.) The trial court's failure to orally pronounce judgment on defendant's cocaine possession conviction resulted in an unauthorized sentence.

Although section 1465.9, subdivision (d) imposed a 10-year limit on the enforcement and collection of the restitution fine, it did not provide relief with respect to the parole revocation fine. Under section 1202.45 and *Kopp*, *supra,* 19 Cal.5th at page 24, that fine remains mandatory and must be set in the same amount as the court would have set for defendant's restitution fine even though the restitution fine itself may no longer be reimposed.

Finally, at resentencing, the trial court is required to "credit [defendant] with all actual days he had spent in custody … up to that time," including time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37, italics omitted; § 2900.1.) The record shows the trial court did not do so.

While the term of imprisonment, parole revocation fine, and actual custody credits are nevertheless listed in the minute order and abstract of judgment, the oral pronouncement of judgment controls over both. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

So that the trial court may address these issues, we remand the matter for a full resentencing.

## DISPOSITION

The court's ruling on defendant's *Romero* motion is affirmed. The matter is remanded to the trial court for resentencing. On remand, the trial court is directed to orally impose judgment; determine what the amount of the restitution fine would have been so it can impose, then stay, the parole revocation fine in a proper amount pursuant to *Kopp, supra*, 19 Cal.5th at pages 23 to24; and calculate defendant's actual custody credits. After resentencing the superior court clerk is directed to prepare a new abstract

of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
WISEMAN, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
MESIWALA, J.

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.